## Allegheny City *versus* Allegheny Township.

A pauper gains a settlement in a district by residing therein, in one or more tenements, for one year, and, during that time, paying $10 rent. Whether he paid all the rent which he contracted to pay, is not material.

CERTIORARI to the Quarter Sessions of *Allegheny county*, by the Mayor, &c. of the City of Allegheny, against the Township of Allegheny, in the County of Armstrong.

Sampson Shanor, a married man, became chargeable upon the poor fund of Allegheny city, on the 18th day of November, 1847. The directors of the poor of said city relieved him until they could obtain an order for his removal to Leechburgh, in Allegheny township, Armstrong county, the place of his former residence. The order of removal was granted, and defendants appealed to the Quarter Sessions, where the cause was tried by jury on the 23d day of May, 1850, who found for the defendants.

It was admitted that the pauper had gained a residence in Leechburgh, by renting and the payment of taxes in 1844 and 1845. On the part of the township, it was claimed that he had gained a residence in Allegheny city, by a compliance with the provisions of the 3d section of the act of Assembly of 1835, which said section is as follows:

"By any person who shall, *bona fide*, take a lease of any real estate of the yearly value of ten dollars, and shall dwell upon the same for one whole year, and pay the said rent."

In support of this, they proved that he leased from George Galloway a room in a house in said city, by the month, at $2 per month; that he entered in the month of July, 1846, and left on the 13th day of April, 1847; that he paid $15, the rent in full to the 1st day of February, 1847, leaving two months and thirteen days' rent in arrear. That he then removed to a room in a house owned by Mr. Jones, and contracted to pay $1.50 per month, and remained there until the month of August, 1847. Whether he paid the rent or not, did not appear. He then, on the 1st day of August, removed to another house, at a rent of one dollar per month, where he remained three months and eighteen days, when he became chargeable, paying the rent, $3.50, in full.

On both sides, points were presented.

[Allegheny City *v.* Allegheny Township.]

McClure, J., charged, *inter alia*, that one whole year need not be spent in the same tenement, provided the whole year is spent in the district, and the rent paid in the district. It will answer, if he take a lease or leases in the same district, pay monthly, quarterly, or otherwise, rent or rents, amounting in the year to $10. As to the payment of rent, he referred it to the jury.

Judgment was entered, on the verdict, in favor of the Township of Allegheny.

Error was assigned, on the part of the city, to the charge.

The case was submitted without argument, *Barton* being for plaintiff in error; *Black,* for defendant.

The opinion of the court was delivered by

Rogers, J.—The third section of the act of 1835 provides, that any person who shall, *bona fide,* take a lease of any real estate of the yearly value of ten dollars, and shall dwell upon the same for one whole year, and pay the said rent, shall, by virtue thereof, be entitled to a settlement. The evidence proves, that the pauper resided in the City of Allegheny, as a housekeeper, for more than one year, and the jury have found he paid more than ten dollars rent. That the pauper resided in different tenements, we decided to be immaterial in a case ruled at Sunbury, at our last session, and not yet reported. Nor do we think it of any moment that he did not pay all the rent, according to contract. If he paid part, that is enough, provided the payment exceeded the sum required by the act. This is the reasonable construction of an act, always interpreted liberally, in favor of that unfortunate class. Suppose he had resided in a house, at a rent of $500; would it be just, that he should be deprived of a settlement, because he had failed to pay the last instalment, or a less sum? In other words, having, in good faith, paid $450, would it be right to deprive him of the support the law allows, because, through unavoidable misfortune, he was unable to discharge the residue of the rent remaining due?

Judgment affirmed.